IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTOINE LADELL WILLIAMS,       :
                               :
    Plaintiff,                 :
                               :
vs.                            :   CIVIL ACTION 16-0605-WS-M
                               :
EDWARD MCQUEEN, et al.,        :
                               :
    Defendants.                :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and in *forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees. This action has been referred to the undersigned pursuant for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R), and is before the Court for Plaintiff's failure to comply with the Court's Order and to prosecute this action.

A prisoner is obligated to pay the $350.00 filing fee for filing a § 1983 action while he is incarcerated. Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1). While Plaintiff was incarcerated, he filed a Motion to Proceed Without Prepayment of Fees (Doc. 2). Since Plaintiff's motion was not on this Court's form, on December 7, 2016, Plaintiff's motion was denied and Plaintiff was ordered to re-file his motion on this Court's form

by January 6, 2017 (Doc. 3).  On January 30, 2017, a Report and Recommendation was entered for Plaintiff's failure to prosecute and obey the Court's Order (Doc. 4).  On February 22, 2017, Plaintiff filed an Objection to the Report and Recommendation and filed a Motion to Proceed Without Prepayment of Fees, as previously ordered, on January 30, 2017 (Docs. 5, 6).

On March 2, 2017, the Report and Recommendation was withdrawn and Plaintiff was ordered to pay a partial filing fee of $17.83 by April 3, 2017 (Doc. 7).  On April 5, 2017, Plaintiff notified the Court of a change of address, which indicated that he was no longer incarcerated, and Plaintiff also paid the $17.83 partial filing fee, which left a balance of $332.17 (Docs. 8, 9).  Because Plaintiff is still obligated to pay the $332.17 filing fee, *Gay, 117 F.3d at 242*, the Court ordered Plaintiff by May 8, 2017, to pay the balance of the $350.00 filing fee, or to file a new motion to proceed without prepayment of fees so the Court could determine a payment schedule for collecting the remainder of the filing fee (Doc. 10).

Subsequently, on May 12, 2017, Plaintiff filed a second Notice of Change of Address, on a letter from Mike Farrell, Program Director of the Foundry Re-Entry Program, advising the Court of Plaintiff's admittance into the program and, as part of Plaintiff's treatment, Plaintiff did not have a job and cannot

work (Doc. 11).  In addition, Plaintiff also filed a new Motion for Leave to Proceed in Forma Pauperis (Doc. 12), which has been held in abeyance pending Plaintiff's completion of the program. On June 5, 2017, Plaintiff was ordered to inform the Court by September 11, 2017, the date of his graduation, where he will reside upon completion of the program and his employment status (Doc. 13).  Plaintiff was warned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order (Docs. 3, 7, 10, 13).  The Order was mailed to Plaintiff at The Foundry Re-Entry Program, 1616 5th Ave. North, Bessemer, Alabama 35023.  To date, the Court has not heard from Plaintiff since the Order was entered, nor has the Order been returned as undeliverable.  Thus, the Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to

3

dismiss sua sponte an action for lack of prosecution); see also World Thrust Films, Inc. v. International Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995) (requesting the court to consider lesser sanctions); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989)(Same); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)(Same); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)(Same); Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir.1988) (Unpublished); Accord Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the courts' inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

4

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 5th day of October, 2017.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE